IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BENNIE ATKINSON**                                                                 **PLAINTIFF**

**v.**                                                                 **Civil No. 3:22-cv-730-DPJ-BWR**

**KILOLO KIJAKAZI,**                                                                 **DEFENDANT**
*Acting Commissioner of Social*
*Security Administration*

## REPORT AND RECOMMENDATION

Plaintiff Bennie Atkinson ("Atkinson") brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security Administration denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A). Atkinson has filed a Motion for Summary Judgment [8] and Memorandum [9] requesting that the decision of Defendant Kilolo Kijakazi ("Commissioner"), Acting Commissioner of Social Security, be reversed. Having reviewed Plaintiff's Memorandum Brief [9], the Commissioner's Response [10], Plaintiff's Rebuttal [11], the administrative record [4], and relevant law, it is recommended that Plaintiff's Motion for Summary Judgment [8] be denied, the decision of the Commissioner affirmed, and this case dismissed with prejudice.

## I. BACKGROUND

Plaintiff Bennie Atkinson filed an application for DIB under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A), on April 20, 2021. Admin. R. [4] at 15. Atkinson alleges that his disability began on November 29, 2019, due to degenerative

disk disease ("DDD") of the cervical and lumbar spine; right shoulder and rotator cuff arthropathy; degenerative joint disease ("DJD") in the left hip (status post-hip replacement); DJD in the right knee; status post-cerebrovascular accident ("CVA"); post-traumatic stress disorder ("PTSD"); type-II diabetes mellitus; irritable bowel syndrome ("IBS"); gastroesophageal reflux disease ("GERD"); hypertension; migraines; depression; and anxiety. *Id.* at 18-19. Atkinson was forty-nine years old on the alleged disability onset date but soon after changed age categories to "closely approaching advanced age." *Id.* at 28. He has a high school education and past relevant work experience as a postmaster and materials handler. *Id.*

Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denied Atkinson's application initially and upon reconsideration. *Id.* at 15. Atkinson requested a hearing before an Administrative Law Judge ("ALJ"), who held the hearing telephonically on June 8, 2022, due to the COVID-19 pandemic. *Id.* Atkinson was represented by an attorney at the hearing. *Id.* The ALJ rendered a decision unfavorable to Atkinson on June 22, 2022, finding that Atkinson was not under a disability within the meaning of the Social Security Act from November 29, 2019, through the date of the decision. *Id.* at 30.

At the administrative hearing, Atkinson testified that pain, exhaustion from lack of sleep, stress, lack of mobility, and frequent bathroom trips prevent him from working. *Id.* at 52, 54-59. He has undergone various surgeries for his pain and is on medication for his pain, diabetes, blood pressure, and IBS. *Id.* at 58-59, 61-62. Atkinson rated his pain at an eight without medication and a five with medication.

*Id.* at 59. He can drive with a brace on but maintains a sedentary lifestyle, sitting in a recliner for six hours out of an eight-hour day. *Id.* at 60, 62. Atkinson occasionally goes to the store. *Id.* at 64. Atkinson does not walk for more than five to ten minutes at a time, has difficulty carrying heavy objects, and has difficulty bending at the waist and squatting down. *Id.* at 56-57.

In his June 22, 2022, decision, the ALJ applied the five-step sequential analysis, outlined in 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), and determined that Plaintiff was not disabled. *Id.* at 15-30. The ALJ found at the first step that Atkinson had not engaged in substantial gainful activity after the alleged onset date of November 29, 2019. *Id.* at 18.

At the second step, the ALJ found that Atkinson had the following severe impairments: DDD of the cervical and lumbar spine; right shoulder and right shoulder rotator cuff arthropathy; DJD of the left hip, status-post hip replacement; DJD of the right knee; status-post CVA; and PTSD. *Id.* at 18-19. The ALJ held that "[t]he above medically determinable impairments significantly limit the ability to perform basic work activities as required by [Social Security Ruling] 85-28." *Id.* The ALJ also found that Atkinson had the following non-severe impairments: anxiety, depression, GERD, hypertension, IBS, and type-II diabetes mellitus. *Id.*

At the third step, the ALJ determined that Atkinson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id* at 19-21.

At steps four and five, the ALJ found that Atkinson had the residual functional capacity[1] ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b),[2] with the following exceptions: He can sit, stand, and walk up to 6 hours each in an 8-hour work day. He can occasionally climb, balance, stoop, kneel, crouch, and crawl. He can frequently, but not constantly, reach in all directions with the right upper extremity. He is limited to routine, repetitive tasks with occasional interaction with the public, coworkers and supervisors, and no fast-paced production work.

*Id*. at 21-28. The ALJ considered prior administrative medical findings of Disability Determination Services ("DDS") consultants Dr. David Powers, Dr. Glenn James, and Dr. Cherilyn Herbert and found these opinions "generally persuasive." *Id.* at 26-27. The ALJ also considered consultive psychologist Dr. James Lane's opinion but did not find it "very persuasive." *Id.* at 27. Finally, the ALJ considered consultive physician Dr. Miller Jennings' opinion, finding it "generally persuasive." *Id.*

The ALJ concluded that Atkinson was unable to perform any past relevant work. *Id*. at 28. The ALJ also concluded that based on Atkinson's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, including marker, checker, and router. *Id* at 29-30. Accordingly, the ALJ determined that Atkinson was not disabled within the meaning of the Social Security Act. *Id*. at 30.

---

[1] The residual functional capacity is defined as "the most [an individual] can still do despite [their] limitations . . . based on all the relevant evidence in [their] case record." 20 C.F.R. § 404.1545 (a)(1).
[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R § 404.1567(b).

The Appeals Council denied Atkinson's request for review, Admin. R. at 4-6, and he filed the instant petition for judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision denying his application for DIB. Compl. [1].

## II. DISCUSSION

**1.   Standard of Review**

Judicial review in social security appeals is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2) whether the decision comports with relevant legal standards. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021); *Salmond v. Berryhill*, 892 F.3d 812, 816 (5th Cir. 2018). Evidence is substantial if "a reasonable mind would support the conclusion." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). There "must be more than a scintilla, but it need not be a preponderance." *Id.* (quotation omitted) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.1995)).

On judicial review, this Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

**2.   Analysis**

Plaintiff raises two arguments on judicial review. Pl.'s Mem. [9] at 1. He frames the first as follows: "[T]he ALJ's finding that Plaintiff's depression and/or anxiety was not 'severe' was error which led to a failure to sufficiently account for it in the RFC,

or alternatively that the *de minimus* standard of 'severity' was not applied resulting in the same insufficient RFC." Pl.'s Reply [11] at 1-2. The Commissioner counterargues that the ALJ's step two finding was immaterial because the ALJ decided the case at step five after considering all of Plaintiff's medically determinable impairments, including those that were not severe. Def.'s Resp. [10] at 8-11.

Second, Plaintiff argues that the ALJ erred by relying on the opinions of non-examining DDS medical consultants because their opinions were rendered prior to the generation of important evidence. Pl.'s Mem. [9] at 12-13. The Commissioner responds by pointing out that the ALJ found the DDS medical consultants' opinions generally persuasive but did not adopt them in whole, instead finding that consideration of the entire record supported additional limitations. Def.'s Resp. [10] at 11.

a. *The ALJ applied the correct legal standard at step two and his findings regarding Atkinson's depression and anxiety are supported by substantial evidence*

The ALJ found that Atkinson had the mental impairments of PTSD, anxiety, and depression. R. [4] at 18. He found that Atkinson's PTSD was a severe impairment, and Atkinson's depression and anxiety were not severe impairments. *Id.* at 18-19. To account for Atkinson's mental limitations in the RFC, the ALJ found that Atkinson was "limited to routine, repetitive tasks with occasional interaction with the public, coworkers and supervisors, and no fast-paced production work." *Id.* at 22. Atkinson argues that his depression and anxiety are severe impairments that should have been accounted for in the RFC and alleges that the ALJ did not apply the *de minimus* severity standard at step two. Pl.'s Mem. [9] at 8-11.

6

A severe impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). In *Stone v. Heckler*, the Fifth Circuit explained that an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d 1099, 1101 (5th Cir. 1985). Accordingly, to establish a severe impairment, Plaintiff need only make a "de minimis" showing that his impairment is severe enough to interfere with his ability to do work. *Anthony v. Sullivan*, 954 F.2d 289, 294 n.5 (5th Cir. 1992). However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).

The ALJ cited the correct legal standard at step two and named the evidence leading him to find that Atkinson's depression and anxiety were slight abnormalities that would not be expected to interfere with his ability to work. In *Stone*, the Fifth Circuit stated that in the future, it would "assume that the ALJ . . . applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect . . . ." 752 F.2d at 1106. The Fifth Circuit recently clarified that an ALJ's citation to SSR 85-28, 1985 WL 56856 (Jan. 1, 1985), a policy statement issued to clarify the agency's process for

7

determining non-severe impairments, is the equivalent of citing the *Stone* severity standard. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

Here, the ALJ cited both *Stone* and SSR 85-28. Admin. R. [4] at 18. The ALJ also applied the *Stone* severity standard in determining that Atkinson's "depression, and anxiety are not severe because they have no more than minimal effects and would not be expected to interfere with the claimant's ability to work, irrespective of age, education or work history." *Id*. Therefore, the ALJ applied the proper legal standard. *See Garcia v. Berryhill*, 880 F.3d 700, 705 (5th Cir. 2018).

The ALJ also cited substantial evidence to support his conclusion at step two concerning Atkinson's depression and anxiety. *Boyd*, 239 F.3d at 704; *see Jeansonne v. Saul*, 855 F. App'x 193, 196-97 (5th Cir. 2021). The ALJ found that Atkinson had a history of depression and anxiety controlled with medication and outpatient counseling from Veterans Affairs ("VA"). Admin. R. [4] at 19, 306, 833. The ALJ highlighted Atkinson's VA records from 2021 and 2022. *Id*. at 19. The ALJ also cited Atkinson's negative depression screenings in VA medical records from 2019 through 2021. *Id*. at 19, 256, 304, 478. The ALJ considered that Atkinson reportedly retired from the U.S. Postal Service and continued to engage in a somewhat normal level of daily activity and interaction. *Id*. at 26.

The ALJ then considered the four areas of mental functioning: (1) understanding, remembering, or applying information; (2) interaction with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R. § 404.1520a(c); *see also Garcia*, 880 F.3d at 705. For each area of mental

8

functioning, the ALJ concluded that any mental limitation related to Atkinson's depression and anxiety was mild. Admin. R. [4] at 19. Based on this conclusion and the above evidence, the ALJ determined that Atkinson's depression and anxiety did not result in "more than a minimal limitation" on Atkinson's "ability to do basic work activities . . . ." *Id*. That determination is consistent with the medical evidence demonstrating Atkinson was receiving medication for depression and anxiety, and that screenings for those impairments over multiple years were negative. *Id*. 19, 256, 304, 306, 478, 833.

The Fifth Circuit's decision in *Jeansonne* supports this conclusion. There, the plaintiff argued that the ALJ erred in finding plaintiff's anxiety and depression non-severe. *Jeansonne*, 855 F. App'x at 196. The ALJ made a non-severity finding because the ALJ found mild limitations in the four areas of mental functioning. *Id*. The Court held that substantial evidence supported the ALJ's determination. *Id*. at 196-97. It reasoned that plaintiff's own characterizations of plaintiff's mental impairments along with the findings of several doctors supported the ALJ's decision. *Id*. Here too, where the ALJ found Atkinson to have mild limitations in the four areas of mental functioning and there is evidence that Atkinson's anxiety and depression were controlled, substantial evidence supports the ALJ's conclusion.

In response, Atkinson argues that, while records do indicate that he told his doctors that medicine aided his depression and anxiety, this does not mean that the medicines "alleviate any significant symptoms associated with them." Pl.'s Mem. [9] at 10. He also argues that the ALJ's non-severity finding is inconsistent with time

9

periods where Atkinson's depression and anxiety were "uncontrolled." *Id.* Finally, Atkinson argues that his depression symptoms change over time, ranging from "quite severe to the point of suicidal ideation" to "less severe." *Id.* All of this, Atkinson posits, makes the ALJ's non-severity finding unsupported. *Id.* Because this argument asks the Court to re-weigh the evidence, which it may not do here, this argument is rejected. *Bowling*, 36 F.3d at 434.

Even if the ALJ had committed a step two *Stone* error, reversal and remand is not automatic. "Under the sequential analysis framework, error at step two rarely constitutes reversible error, where, as here, the ALJ conducts the remaining steps of the five-step sequential analysis." *Dunham v. Berryhill*, No. 4:17-cv-02641-DH-PB, 2018 WL 6574838, at *5 (S.D. Tex. Nov. 21, 2018), *R. & R. adopted*, 2018 WL 6573333 (S.D. Tex. Dec. 12, 2018); *see also Garcia*, 880 F.3d at 705 n.6.

For example, in *Herrera v. Comm'r of Soc. Sec.*, the Court rejected the plaintiff's contention that the court must remand "because the ALJ did not explicitly determine the severity of" several of the plaintiff's impairments. 406 F. App'x 899, 903 (5th Cir. 2010). The court reasoned that the case did not turn on the ALJ's severity findings, but rather depended on the ALJ's RFC analysis because the ALJ continued past step two in the five-step analysis. *Id.* (first citing *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987); then citing *Mays v. Bowen*, 837 F.2d 1362, 1365 (5th Cir. 1988)); *see also Nauman v. Comm'r of Soc. Sec.*, No. 1:20-cv-144-HSO-JCG, 2021 WL 5277451, at *5 (S.D. Miss. July 9, 2021) ("Here, the ALJ found that Nauman had numerous 'severe' impairments, proceeded to the later steps, and concluded that

he retained the [RFC] to do other work. Therefore, the ALJ's failure to make a severity finding regarding Nauman's intellectual disorder and neurocognitive disorder does not warrant remand."), *R. & R. adopted*, 2021 WL 4096547 (S.D. Miss. Sept. 8, 2021). Here, where the ALJ found some impairments severe and some not and continued to step five of the five-step analysis, any step two error was harmless. *Bonner v. Comm'r of Soc. Sec.*, No. 1:21-cv-341-HSO-RPM, 2023 WL 2297454, at *5 (S.D. Miss. Feb. 13, 2023), *R. & R. adopted*, 2023 WL 2266134 (S.D. Miss. Feb. 28, 2023). Although the Commissioner cites caselaw on this point, Atkinson made no attempt to address or distinguish this caselaw. Def.'s Resp. [10] at 9-11; Pl.'s Reply [11].

In support of his RFC analysis, the ALJ reviewed Atkinson's "testimony," "own reports," and "subjective allegations," outside medical opinions, prior administrative medical findings, the "entire case record," "all symptoms," and "all of the claimant's medically determinable impairments, including those that are not severe." Admin. R. [4] at 18, 22-23, 25-27. The ALJ considered past surgeries, mental illness diagnoses and symptoms, Atkinson's daily routine and abilities, and the medical findings of multiple doctors. *Id.* at 25-27. As noted in the briefs of both sides, a psychologist at VA explained that she was unable to differentiate which occupational or social impairment was attributable to which of Atkinson's mental disorder because "PTSD and anxiety and depression are co-morbid diagnoses with symptoms overlapping." *Id.* at 343, 441, 601, 707; Pl.'s Mem. [9] at 4; Def.'s Resp. [10] at 8. The ALJ accounted for Atkinson's mental limitations in the RFC, and notably, Atkinson does not suggest

what additional functional limitations different from those in the RFC should have been found. *See Stovall v. Astrue*, No. 3:09-cv-614-DPJ-FKB, 2012 WL 1067671, at *2 (S.D. Miss. Mar. 29, 2012) (noting that, even though the ALJ failed to designate multiple impairments as severe at step two, the ALJ still considered them in developing the RFC when the ALJ stated that he considered "the record as a whole" and "considered 'all symptoms'" and thus upholding the RFC determination).

Therefore the ALJ applied the correct legal standards and substantial evidence supports the ALJ's decision.

### b. *The ALJ did not err by relying on the opinions of non-examining DDS medical consultants*

Lastly, Atkinson argues that the ALJ's reliance on the opinions of non-examining physicians was incorrect because these opinions did not account for the entire record. Pl.'s Mem. [9] at 12-13. Specifically, Atkinson takes issue with the opinions of Dr. Powers and Dr. James, arguing that both opinions are unreliable because both are from non-examining DDS consultants whose opinions pre-date the availability of some of the evidence in the case. *Id.* This missing evidence includes MRIs of Atkinson's shoulder, lumbar spine, and cervical spine, VA Medical Records, and records showing that Atkinson's insomnia and osteoarthritis were worsening. *Id.* Each piece of evidence allegedly reveals a worsening or new medical condition. *Id.* Atkinson also notes that Dr. Powers' opinion is "contradicted by the opinion of examining Psychologist, Dr. Lane." *Id.* at 13.

For claims filed after March 27, 2017, such as Atkinson's, "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated

12

by federal regulations and [Fifth Circuit] caselaw in the past." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021) (citing 20 C.F.R. § 404.1520c). The revised regulations provide that an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, *to any medical opinions*," including those from treating medical sources. *See* 20 C.F.R. § 404.1520c(a) (emphasis added). Instead, an ALJ must evaluate the "persuasiveness" of medical opinions by utilizing five factors: supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c(c). Other factors include, but are not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability programs, policies and evidentiary requirements." *See* 20 C.F.R. § 404.1520c(c)(5). The most important factors are supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2). An ALJ is required to explain how he considered the supportability and consistency factors but need not explain how he considered the other factors in determining the persuasiveness of the medical opinion. *See id*.

Here, the ALJ addressed each doctor's opinion in the RFC analysis. First, the ALJ recounted the opinions of Drs. Powers, James, and Herbert (who affirmed the opinions of Drs. Powers and James) and explained that each was "generally persuasive" because they were "mostly consistent with and supported by the overall evidence of record." Admin. R. [4] at 26. Next, the ALJ looked at Dr. Lane's opinion and explained that it is "not . . . very persuasive because the extent of the limitations opined are not consistent with and supported by the overall evidence, including his

13

own mental status exam findings." *Id.* at 27. The ALJ also explained that, although Atkinson had a history of PTSD, "he worked successfully despite symptoms for many years, and the symptoms he has reported are only moderate." *Id.* By explaining his adoption of Drs. Powers, James, and Herbert's opinions and his rejection of Dr. Lane's opinion, the ALJ complied with the requirements set forth in 20 C.F.R. § 404.1520c.

Atkinson's arguments regarding the availability of records and the reliability of each doctor's opinion break down into a claim that substantial evidence does not support the ALJ's RFC determination. *See Lee v. Saul*, No. 1:19-cv-678-LG-LGI, 2021 WL 1033239, at *5 (S.D. Miss. Feb. 5, 2021) (quoting *Garcia v. Colvin*, 622 F. App'x 405, 408-09 (5th Cir. 2015)), *R. & R. adopted sub nom.* 2021 WL 1030159 (S.D. Miss. Mar. 17, 2021). As explained above, this argument is untenable. *See supra* at 8-12. In making the RFC determination the ALJ considered all symptoms and their consistency with objective evidence based on the requirements of 20 CFR 404.1529 and SSR 16-3p. Admin. R. [4] at 22-23, 25-27. The ALJ also considered all medical opinions and prior administrative medical findings in accordance with the requirements of 20 CFR 404.1520c. *Id.* at 22, 26-27.

For those reasons, substantial evidence supports the ALJ's evaluation of the medical opinion evidence in making the severity determination and the resulting RFC. Atkinson asks this Court to re-weigh the evidence to determine his RFC. The ALJ, however, is solely responsible for interpreting the medical evidence to determine a claimant's RFC. *Taylor*, 706 F.3d at 603. This Court cannot reweigh the evidence

14

or substitute its judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

Atkinson's contention that the ALJ erred in relying on non-examining physician Dr. Powers' opinion is no longer viable. Pl.'s Mem. [9] at 12-14. The legal authority Atkinson cites pre-dates the removal of the hierarchical approach to evaluating medical opinion evidence. *Id.* at 12 (first quoting *Hector v. Barnhart*, 337 F. Supp. 2d 905, 926 (S.D. Tex. 2004); then citing *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990); and then *Ransom v. Heckler*, 715 F.2d 989, 993-94 (5th Cir. 1983); and then *Eaves v. Sec'y of Health and Hum. Servs.*, 877 F. Supp. 334, 344 (E.D. Tex. 1995)). As previously discussed, ALJs are no longer required to give controlling weight to treating physicians over non-treating physicians. *Webster*, 19 F.4th at 718-19. Accordingly, reversal or remand is not warranted on this ground.

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

## III.  RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends denying the [8] Motion for Summary Judgment, affirming the Acting Commissioner's decision and dismissing this case with prejudice.

## IV.  NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the

>clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 25th day of July 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE