UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BENNIE ATKINSON                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:22-CV-730-DPJ-BWR

COMMISSIONER OF SOCIAL SECURITY                                                          DEFENDANT

ORDER

This Social Security appeal is before the Court on the Report and Recommendation of United States Magistrate Judge Bradley W. Rath.  R&R [12].  Judge Rath recommends denying Plaintiff Bennie Atkinson's Motion for Summary Judgment [8] and affirming the denial of his application for disability benefits.  Atkinson filed Objections [13] to the R&R; Defendant never responded.  As explained below, the Court adopts Judge Rath's well-reasoned R&R in its entirety.

I.      Facts and Procedural History

As the R&R recites, Atkinson claims many physical and psychological conditions.  After the commission twice denied his application for benefits, he obtained a hearing before an administrative law judge.  The ALJ ruled that under the five-step analysis detailed in 20 C.F.R. § 404.1520(a)(4)(i)–(v), Atkinson was not "disabled" in the sense required to grant his application.  Feeling aggrieved, Atkinson took his claim to the Appeals Council, but it denied review.  Atkinson then sued under 42 U.S.C. § 405(g), which gives this Court jurisdiction to consider his appeal.

II.     Standard

Title 28 U.S.C. § 636(b)(1) governs the disposition of R&Rs.  It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or

recommendations to which objection is made." *Accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court's review must be limited to "those issues to which an objection is raised," *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991), and the Court need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

The standard of review in Social Security appeals is narrow: the court asks only whether "(1) the final decision is supported by substantial evidence and (2) . . . the Commissioner used the proper legal standards to evaluate the evidence." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). "'Substantial evidence' need not amount to a preponderance; it need only be more than a scintilla, such that 'a reasonable mind could arrive at the same decision.'" *Id.* (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)).

III.     Discussion

Atkinson's objections focus on two alleged errors by the ALJ that he says the magistrate judge incorrectly addressed in the R&R. First, although the ALJ found that Atkinson suffered many "severe" impairments, the ALJ failed to include depression and anxiety in that list. Obj. [13] at 1. Second, Atkinson argues that the ALJ should not have relied on doctors who rendered opinions before his medical record was complete. *Id.* at 3; *see* R&R [12] at 6. Neither objection prevails.

Starting with the severity issue, Atkinson first says the ALJ's failure to find that his anxiety and depression were "severe" led to an inflated residual functional capacity, or RFC. Obj. [13] at 1. The RFC is "the most [an individual] can still do despite [their] limitations." 20

C.F.R. § 404.1545(a)(1). Atkinson says his RFC would have been lower had the ALJ correctly found his anxiety and depression were severe.

Atkinson supports that argument with evidence he finds favorable to him. Obj. [13] at 2. But he never adequately explains why the evidence on which the ALJ relied—as cataloged in the R&R—is insubstantial. *See* R&R [12] at 8–12. The Court may not reweigh the evidence. *Id.* at 10 (citing *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (citing *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (holding "we may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgment for the Secretary's, even if the evidence preponderates against the Secretary's decision"))).

Atkinson alternatively asserts that the ALJ applied the wrong legal standard when holding that his anxiety and depression were non-severe—a legal error he says requires remand even if substantial evidence supports the ALJ's findings. Obj. [13] at 1–2. At step two, the claimant need only make "a de minimis showing" that the condition is severe. *Jeansonne v. Saul*, 855 F. App'x 193, 196 (5th Cir. 2021) (quoting *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018)). According to Atkinson, the ALJ required more than that.

The Fifth Circuit assumes "the ALJ . . . applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir. 1985)] or by an express statement that the construction [the Fifth Circuit] give[s] to 20 C.F.R. § 404.1520(c) (1984) is used." R&R [12] at 8 (quoting *Stone*, 752 F.2d at 1106). The ALJ may also reference the applicable policy statement—SSR 85-28. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Atkinson's ALJ cited both *Stone* and SSR 85-28. R&R [12] at 8 (citing Admin. R. [4] at 18). Even so, Atkinson says the ALJ must have applied an incorrect standard because he disagrees with the results. But Atkinson's objections address neither the

3

evidence nor the legal authority on which Judge Rath rejected this argument, and he has not otherwise shown that the ALJ applied the wrong legal standard.[1]

Atkinson's second objection fares no better. He challenges the ALJ's decision to consider opinions from non-DDS medical consultants who had not seen "important objective evidence produced after their opinion." Obj. [13] at 3. He identifies those doctors in his summary-judgment brief as Dr. David Powers and Dr. Glenn James and says they never saw MRIs and other observations regarding his condition. *See* Pl.'s Mem. [9] at 12–13. According to him, these omissions mean the RFC finding was not supported by substantial evidence.

In making that argument, Atkinson acknowledges that the Court may not reweigh the evidence, but his argument seeks just that, asking the Court to consider the "strength and reliability of the evidence." *Id.* As Judge Rath noted, the ALJ compared the disputed opinions to "the overall evidence of record" and trusted those opinions as "mostly consistent with and supported by" that record. R&R [12] at 13–14 (quoting Admin R. [4] at 26–27). These are credibility determinations the ALJ was allowed to make "as to all medical opinions." *Huskey v. Colvin*, 560 F. App'x 367, 370 (5th Cir. 2014) (citing *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)). This Court may not reweigh the evidence; Atkinson's second objection is also without merit.

IV.   Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. As stated, the Report and Recommendation [12] is adopted as the Court's opinion. The Motion for Summary Judgment [8] is denied, the decision of the

---

[1] Judge Rath also agreed with the Commissioner's argument that a mistake at step two would not require remand because the ALJ's analysis continued through all five steps. R&R [13] at 10–11 (collecting cases). Atkinson offers a conclusory response without contrary legal authority.

4

Commissioner is affirmed, and this case is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of August, 2023.

s/ *Daniel P. Jordan III*<br>
CHIEF UNITED STATES DISTRICT JUDGE